UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00193-JPH-DLP |
| | ) | |
| RICHARD A. WELLS | ) | |
| a/k/a Council, | ) | -02 |
| ALESHALIA BOSS, | ) | -04 |
| RICK P. COLEY, | ) | -07 |
| DAVID K. DUGGAR, | ) | -11 |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO CONTINUE**

Defendant Richard Wells has filed a motion to continue the August 16,
2022 trial setting.  Dkt. 900.  Mr. Wells's counsel entered his appearance on
August 2, 2022, dkt. 894, after the Court granted his prior counsel leave to
withdraw, dkt. 893.  Counsel explains that he received "discovery . . . in the
form of 766 GB of data organized into 1.7 million files" on August 3, 2022, and
therefore "requires a continuance of no less than 90 days to adequately prepare
for trial."  Dkt. 900.  Defendant Aleshalia Boss has also filed a motion to
continue the August 16 trial setting, raising "confidential . . . factors which
necessitate a continuance."  Dkt. 906.

The government does not object to the continuance, but requests that
the case be "continued for all of the remaining defendants."  Dkt. 901 at 2.  Mr.
Coley and Mr. Duggar object to a continuance.  Dkt. 902; dkt. 905.

1

Mr. Duggar "asserts his Sixth Amendment right to a speedy trial." Dkt. 905 at 2. Sixth Amendment speedy-trial challenges are evaluated "based on a four-part test: (1) whether the delay was uncommonly long, (2) whether the government or the defendant is more to blame for the delay, (3) whether the defendant asserted his right to a speedy trial in due course, and (4) whether the defendant suffered prejudice as a result of the delay." *United States v. Gearhart*, 576 F.3d 459, 463 (7th Cir. 2009). Here, while the time between indictment and trial will be long, the other factors do not support a Sixth Amendment claim. *See id.*; *United States v. Patterson*, 872 F.3d 426, 435 (7th Cir. 2017) ("The first factor . . . acts as a triggering mechanism."). While Mr. Duggar opposes this continuance, the government is not to blame. *United States v. Saenz*, 623 F.3d 461, 465 (7th Cir. 2010) ("The continuance requests made solely by his co-defendants are at best neutral . . . and are not the fault of the government."). As for prejudice, "generalized anxiety and concern resulting from [ ] lengthy pretrial incarceration" is legitimate, but does "not tip the scale" in Mr. Duggar's favor.[1] *Patterson*, 872 F.3d at 436. Mr. Duggar has not shown prejudice to his case—this delay is not "intended to hamper [his] ability to present his defense." *Gearhart*, 576 F.3d at 463.

Both Mr. Coley and Mr. Duggar invoke the Speedy Trial Act, 18 U.S.C. § 3161, which "requires that a defendant's trial begin within 70 days of the

---

[1] Indeed, Mr. Duggar was initially released, *see* dkt. 221; dkt. 223, but was detained in February 2022 after admitted pretrial release violations, dkt. 471.

defendant's indictment or first appearance, whichever comes later," but also "provides for certain time periods to be excluded." *United States v. Bell*, 925 F.3d 362, 373 (7th Cir. 2019).

Here, a continuance is justified to support the ends of justice and is therefore excluded from the Speedy Trial Act's time calculations. Mr. Wells's counsel—a veteran defense attorney—appeared less than two weeks before trial. *See* dkt. 894. The next day, he received discovery consisting of hundreds of gigabytes and 1.7 million files, and he believes it will take "no less than 90 days to adequately prepare for trial." Dkt. 900 at 2. In these circumstances, there is "ample reason to conclude that the failure to grant a continuance would deny defense counsel reasonable time necessary for effective preparation." *Bell*, 925 F.3d at 374. Considering the nature and complexity of this case, "it is unreasonable to expect adequate preparation for pretrial proceedings" and for trial, so failing to grant a continuance would "result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B). The Court thus finds that "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial" at this time in this case. 18 U.S.C. § 3161(h)(7)(A).

The Court also finds that the trial should be continued as to Ms. Boss, Mr. Coley, and Mr. Duggar. "In a case with multiple defendants, any excludable delay attributable to one defendant is excludable as to his co-defendants." *Patterson*, 872 F.3d at 433. Moreover, continuing the trial as to all defendants "negate[s] the need to sever the [defendants] and duplicate

efforts at two trials." *Bell*, 925 F.3d at 374.  Here, the duplicated efforts would be onerous because Defendants are charged with a conspiracy involving substantial overlapping evidence.  *See* dkt. 901; *United States v. Cardena*, 842 F.3d 959, 981 (7th Cir. 2016) ("[T]here is a presumption that participants in a conspiracy . . . should be tried together, not only to economize on judicial and prosecutorial resources but also to give the jury a fuller picture of the scheme.").  Finally, "[w]hen alleged co-conspirators are indicted together, as they were here, there is a strong preference that they be tried together." *United States v. Morales*, 655 F.3d 608, 624 (7th Cir. 2011).  So while Mr. Coley and Mr. Duggar have raised the possibility of severance so that they can proceed to trial, the Speedy Trial Act excludes the delay in this situation.  *See* dkt. 903; *United States v. Farmer*, 543 F.3d 363, 368 (7th Cir. 2008).

Mr. Wells's motion to continue, dkt. [900] and Ms. Boss's motion to continue, dkt. [906], are therefore **GRANTED** as to all Defendants.  The August 16, 2022 trial setting is **VACATED**.  The Court finds that a continuance is required to allow Mr. Wells's counsel to adequately prepare for trial and will set this case for a firm and final trial setting that will not be continued absent extraordinary circumstances.  Final pretrial and trial settings will be scheduled by separate order.

**SO ORDERED.**

Date: 8/5/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Harold Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS
sam.ansell@fd.org

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Gregory P. Bowes
GREG BOWES LEGAL SERVICES, P.C.
greg@gregbowes.pro

Theodore J. Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Denise L. Turner
DTURNER LEGAL LLC
denise@dturnerlegal.com